```
Vitaly G. Marchenko
11140 Wicks St.
Sun Valley, CA 91352
Tel.831-915-558
vitmarch@gmail.com
```

FILED
E-filing
2009 AUG 11 P 2:35
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vitaly G. Marchenko, Pro se<br><br>Plaintiff,<br><br>vs.<br><br>John McHugh, Secretary of the Army<br>Agency<br><br>Defendant | Case No.:<br>**C09 03673 PVT**<br>COMPLAINT :<br><br>1. EMPLOYMENT DISCRIMINATION:<br>VIOLATION OF EQUAL PAY ACT,<br>DISCRIMINATION BASED ON SEX.<br><br>2. BREACH OF CONTRACT,<br>WRONGFUL TERMINATION,<br>MANAGEMENT MALPRACTICE. |

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

2. **Venue.** Venue is appropriate in this court because the Agency Plaintiff previously was employed with reside in the District (Monterey County), and substantial amount of acts and omissions giving rise to this lawsuit occurred in this district.

Complaint S - 1

BY FAX

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions occurred in Monterey County.

4. This action is brought pursuant Title VII of the Civil Rights Act of 1964 for employment discrimination, and the other applicable statutes. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

5. The acts complained on this suit concern:

   I. (a). Violation of Equal Pay Act of 1973,
          Discrimination based of sex.

   II. (a). Breach of contract
       (b). Wrongful discharge with lack of due process
       (c). Management malpractice.

6. Defendant's conduct had been discriminatory with respect to Plaintiff's sex (male), his age (over 42 years old); it was in violation of Plaintiff's initial employment contract, his rights under the First and Fourteenth [Fourth crossed out] Amendments to U.S. Constitution, in violation to the Code of Federal Regulations, and it was a contemptuous tort.

7. The basic facts surrounding Plaintiff's claims of (1) discrimination, and (2) breach of contract, wrongful termination, and management malpractice are:

Complaint S - 2

Plaintiff, Vitaly G. Marchenko, male, over the age of 42, was employed since 08.06.07. as Assistant Professor at Defense Language Institute (European and South American School), Department of the Army. Plaintiff was officially offered a written one-year tenure track contract with quoted annual salary, which Plaintiff had accepted. The Plaintiff left his job on the East Coast and relocated to Monterey County, California, on his own expense while relying on the signed contract. All Plaintiff's savings were used for that relocation.

On the first day of his employment, 08.06.07, Plaintiff was given a different from the original contract, which he had to sign under duress in order to be processed as a new employee of the Agency, and to have his job.

Later, in August of 2007, Plaintiff learned that second person hired at the same day and for the same faculty position as his, a young female colleague with lesser education and experience, received preferential treatment and higher annual salary. Plaintiff's written request to adjust his salary, and his requests for the same during his meetings with the Agency Managers in late August and early September 2007 were left unanswered.

Plaintiff became aware that the unequal starting salary for the similarly situated personnel was a violation of the Equal Pay Act only in May of 2008. The Agency EEO office and District EEOC had not accepted the claim based on 45 days limit, according to EEOC regulations.

Plaintiff position was terminated on 02.29.08. based on unproven and unfounded complaints of inappropriate remarks while in a classroom. The Agency management did not give a written statement as to the reason for termination, it did not cited a violation of any rule or a policy; it did not conduct the timely investigation to determine the facts, and the management did not allow an opportunity for the hearing. All Plaintiff's attempts to initiate his own legal action and investigation though the Agency's Judge and Advocate office, and the chain of military and civilian command were blocked. The Plaintiff's termination was done with a lack of due process to which the Plaintiff was entitled as a Federal employee.

Plaintiff also claims that his termination was done in violation of his initial contract and the implied contract, which would end on 08.29.08. The Agency acted unfairly and in bad faith when it required acceptance of the second, probationary terms contract prior to in processing, and after the Plaintiff invested considerable time and money in his relocation.

After Plaintiff filed a discrimination complaint (based on gender and national origin) with EEO on 02.29.08 (last day of work), and 3 days later, when he was not legally an employee of the Agency and did not work, he was terminated again, with new fraudulent dates, and with different and negative reason.

According to the entry in Plaintiff's personnel file, he was on a payroll and working for the Agency for additional 7 days, until 03.10.08, when in fact he was not at work, and already applied for Unemployment Insurance.

Complaint S - 4

The Second Memorandum of Personnel Action was given to the Plaintiff under false pretence that all charges were cancelled, and that he would be reinstated as the faculty member. It was given post datum, on March 3, 2008, and after the termination, which was personally confirmed by the Agency management on 02.28.09. The second Memorandum did not cancel or mention the First Memorandum. The Plaintiff did not accept Agency's Memorandum after he had read it. The Agency actions were in violation of 5CFV315.805 (Code of Federal Regulations), and the validity of Plaintiff's termination is in question.

The Management of the Agency's Personnel office refused to make any corrections reflecting the original 1st.Memorandum of Personnel Action. The Agency prevented any access to the Plaintiff's official personnel file, which Plaintiff officially requested. The State of California has a law requiring the employer to give access the employee's own records.

On the different pretexts the Plaintiff's complete termination package was withheld for 6 months, regardless of numerous visits and phone calls made by the Plaintiff in order to speed up the process. The Agency actions unreasonably delayed much needed processing of the Plaintiff's unemployment insurance benefits for a long time, and cased him severe pain and suffering.

8. The original Complaint of discrimination, which was filed 02.29.08, <u>does not have</u> the new complaint of the violation of Equal Pay Act, etc. According to 1614.408 Civil Action Act, the Plaintiff is

Complaint S - 5

authorized under section 16(b) of the Fair Standards Act (29 U.S.C. 216(b) to file a civil action within two years or, if the violation was willful, tree years of the violation, regardless whether one pursues any administrative complaint processing.

9. **Prayer for relief.** Plaintiff prays for recovery of back wages, total sum of all wages and benefits, which Plaintiff lost as the result of breach of contract and wrongful termination, cost of relocations, punitive damages on all accounts, and all additional relief to which Plaintiff is entitled.

10. Plaintiff DEMANDS A JURY TRAIL on all issues.

Dated this 11th day of August, 2009

*/s/ Vitaly Marchenko*

Vitaly G. Marchenko